**At&t Mobility Holdings B.V. v Grupo Salinas Telecom, S.A. DE C.V.**

2024 NY Slip Op 32169(U)

June 26, 2024

Supreme Court, New York County

Docket Number: Index No. 650330/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------X

AT&T MOBILITY HOLDINGS B.V.,

                                Plaintiff,

                             - v -

GRUPO SALINAS TELECOM, S.A. DE C.V. and GRUPO
SALINAS TELECOM II, S.A. DE C.V.,

                                Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650330/2020 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 009 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 582, 583, 584, 585, 586, 587, 588, 589, 590, 591, 592, 593, 594, 595, 596, 597, 630, 631, 632, 663, 664, 665, 666, 667, 668, 669, 670, 671, 672, 673, 674, 675, 676, 677, 678, 679, 680, 718, 719, 720, 721, 722

were read on this motion to/for                 MISCELLANEOUS                   .

       Plaintiff AT&T Mobility Holdings B.V. (AT&T) moves by Order to Show Cause for a turnover order pursuant to CPLR 5225 (a) and appointment of a receiver pursuant to CPLR 5228 (a).

       AT&T holds a November 29, 2023 judgment against defendants Grupo Salinas Telecom, S.A. DE C.V. and Grupo Salinas Telecom II, S.A. DE C.V. (Grupo) for over $20 million (Judgment) following a trial before this court for breach of the parties' Stock Purchase Agreement (SPA).  (NYSCEF Doc. No. [NYSCEF] 577, Judgment; NYSCEF 578, Notice of Entry of Judgment.)  On September 19, 2023, the court found that Grupo had breached its agreement to indemnify AT&T for "all Taxes and Damages relating to" (i) "any Taxes imposed on" the Iusacell Entities "relating to or attributable to" a time period prior to AT&T's acquisition, and (ii) "any breach" of Grupo's tax-related representation and warranties.  (NYSCEF 159, SPA §§ 7.5 [a], 3.2 [n]; NYSCEF 570, September 19, 2023 tr.)  The parties agreed to New York as the forum for disputes.

**650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.**         **Page 1 of 7**
  **Motion No.  009**

[* 1]

(NYSCEF 159, SPA § 9.3.)  AT&T seeks an order directing Grupo to turnover: (1) all of Grupo's disclosed and undisclosed cash on hand directly to AT&T; (2) Grupo's shares of Grupo Elektra S.A.B. de C.V. (Elektra) to a receiver; and (3) Grupo's shares of Servicios Tplay S.A. de C.V. (STP) to a receiver.  AT&T requests appointment of Robert Seiden as receiver.

The motion was granted for the reasons stated on the record on June 5, 2024 as to the first and second requests.  The court now grants the motion in its entirety with this decision, which supplements the record.

AT&T has satisfied CPLR 5225 (a), which provides:

"(a) Property in the possession of judgment debtor.  Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor."

AT&T has established that Grupo has custody or control over cash and other assets sufficient to satisfy the Judgment.  (NYSCEF 590, Grupo Resp. to Doc. Subp.; NYSCEF 591, Grupo Resp. to Inf. Subp.)  Indeed, Grupo does not challenge AT&T's request for turnover of Grupo's $147,000 cash and 150,000 shares of Elektra that Grupo valued at $10.45 million.[1]  (NYSCEF 591, Grupo Resp. to Inf. Subp. at 19, Q. 16 [a].)  Rather, Grupo focuses on STP, a private Mexican company in which Grupo owns shares worth over $800 million, which far exceeds the amount of the Judgment.  (*Id.* at

---

[1] "Grupo Elektra S.A.B de C.V. is a public company listed on the Mexican Stock Exchange and there is no certificate number.  The shares are in bearer form and there are no restrictions on transfer of these shares nor are the shares subject to any lien or other encumbrance."  (NYSCEF 591, Grupo Inf. Subp. Resp. at 19, Q. 16 [a].)  "GST II owns 150,000 share of common stock in Grupo Elektra S.A.B de C.V."  (*Id.*)  "As of February 2024, the approximate value of the holding is $178,308,000.00 Mexican Pesos," or approximately US $10,448,937.95.  (*Id.*)

**650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.**      **Page 2 of 7**
  **Motion No.  009**

2 of 7

26, Q. 18 [a].) However, based on Grupo's responses to AT&T's information subpoenas, Grupo's cash and Elektra shares are insufficient to satisfy the judgment. Accordingly, this case differs from *CIMC Raffles Offshore (Singapore) Ltd. v Schahin Holding S.A.*, 2013 WL 12305899 (SD NY, May 1, 2013, No. 13 Civ 52 [JSR]), a case relied upon by Grupo for the proposition that turnover of STP is disproportionate and thus AT&T's motion should be denied. There, turnover of membership interests was not necessary as CIMC had sufficient cash and liquid assets. (*Id.*, *5.) Rather, seeking turnover of assets in an amount exceeding the judgment is permissible where the liquid assets of the judgment debtor are insufficient, as they appear to be here. (*NWJ Judgments LLC v Jekogian Family Trust*, 75 Misc 3d 1232[A], 2022 NY Slip Op 50712[U], *2 [Sup Ct, NY County 2022].) Therefore, the balance of this decision focuses on turnover of STP shares to a receiver.

AT&T has satisfied the requirements for appointment of a receiver under CPLR 5228, which provides:

> "(a) Appointment of receiver. Upon motion of a judgment creditor, upon such notice as the court may require, the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment. As far as practicable, the court shall require that notice be given to the judgment debtor and to any other judgment creditors of the judgment debtor. The order of appointment shall specify the property to be received, the duties of the receiver and the manner in which they are to be performed. A receiver shall have no power to employ counsel unless expressly so authorized by order of the court. A receiver shall be entitled to necessary expenses and to such commissions, not exceeding five percent of the sums received and disbursed by him, as the court which appointed him allows, but if a judgment creditor is appointed receiver, he shall not be entitled to compensation. If a receiver has been appointed, a court making an order directing payment, or delivery, of property shall direct that payment, or delivery, be made to the receiver rather than to a sheriff. Sections 6402, 6403, 6404 and 6405 are applicable to receivers appointed under this subdivision."

**650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.**   **Page 3 of 7**
**Motion No.  009**

3 of 7

[* 3]

For appointment of a receiver here, the court must consider the (1) "alternative remedies available to the creditor"; (2) "degree to which receivership will increase the likelihood of satisfaction" of the judgment; and (3) "risk of fraud … if a receiver is not appointed." (*Fresh Meadow Food Servs., LLC v R.B. 175 Corp.*, 34 Misc 3d 1209[A], 2011 NY Slip Op 52462[U], *4 [Sup Ct, Queens County 2011] [internal quotation marks and citations omitted].) AT&T has requested turnover of lesser-valued assets: cash and Elektra shares, which, according to Grupo, are valued at $10.6 million. Given the limited information Grupo has provided to AT&T, the court is satisfied that AT&T has no alternative to turnover of STP.

The second factor is also satisfied. Appointment of a receiver is "especially appropriate when the property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction." (*Hotel 71 Mezz Lender LLC v Falor*, 14 NY3d 303, 317 [2010] [internal quotation marks and citations omitted].) A receiver can work with Grupo's shares in STP, its private Mexican subsidiary, to satisfy the Judgment. (*See e.g. Pala Assets Holdings, Ltd. v Rolta, LLC*, 2021 WL 3725604, *3 [Sup Ct, NY County, Aug. 23, 2021, No. 652798/2018], *affd as mod* 206 AD3d 438 [1st Dept 2022].) "CPLR article 52 contains no express territorial limitation [and] the Legislature intended CPLR article 52 to have extraterritorial reach." (*Id.*, *2 [internal quotation marks and citation omitted]; *see also Honeedew Investing Ltd. v Abadi*, 2021 WL 126339, *2 [Sup Ct, NY County, Jan. 11, 2021, No. 652654/2017] [collecting cases]; *Hotel 71 Mezz Lender LLC*, 14 NY3d at 317 [receivership over LLC interests outside of New York].)

**650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.**                    **Page 4 of 7**
   **Motion No.  009**

4 of 7

[* 4]

The court rejects Grupo's argument that the receiver will not increase the likelihood of satisfaction of the Judgment because the powers granted to the receiver violate Mexican law. The receiver must comply with the law. Grupo's expert opinion fails to establish that the proposed order directs the receiver to violate the law. Indeed, New York law is otherwise. CPLR 5228 (a) authorizes a receiver to engage counsel for this very reason. The proposed order contemplates such difficulty and includes a provision for appointment of Mexican counsel. (NYSCEF 595, Proposed Order at 4.) Rather, Grupo's expert establishes that the receiver's task will be difficult. Accordingly, the expert opinion supports the appointment of a receiver.

"As long as the court has personal jurisdiction over a judgment debtor in possession of the property, it can exercise authority over its extraterritorial property," including its shares in foreign subsidiaries. (*Pala Assets Holdings, Ltd.*, 2021 WL 3725604, *2 [internal quotation marks and citation omitted].) Grupo's argument that receiver may not be appointed over foreign subsidiaries is simply wrong. (*See Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V.*, 41 AD3d 25, 31-39 [1st Dept 2007] [ordering debtor "to turn over stock certificates" in foreign subsidiaries "wherever located"]; *BFAM Asian Opportunities Master Fund, LP v China Huiyuan Juice Group Ltd.*, 2023 NY Slip Op 32810[U], *3 [Sup Ct, NY County] ["directing Defendants to turn over to Plaintiff … the corporate ownership interests [in 20 Chinese subsidiaries]"].)

AT&T also satisfies the third factor by offering special considerations that merit appointment of a receiver. Grupo has the assets to satisfy the Judgment but refuses to do so. Again, the court rendered its decision on September 19, 2023. (NYSCEF 570, September 19, 2023 tr.) On September 22, 2023, Grupo transferred its shares in

**650330/2020 AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.**
**Motion No. 009**

**Page 5 of 7**

5 of 7

[* 5]

Elektra from its account at Vector, a brokerage based in Florida, to Banco Azteca, a Grupo affiliate based in Mexico. (NYSCEF 585, Grupo Sept. 2023 Vector Statement at 4/9; NYSCEF 591, Grupo Resp. to Inf. Subp. at 16, 18, Q. 15 [a], 16 [a].) Moreover, on September 27, 2023, Grupo moved over US$5 million from bank accounts at Intercam Banco in Mexico to a Canadian entity called Security International Investments. (NYSCEF 592, Deutsche Bank Resp. at 2 [3rd and 4th rows from bottom].) On October 16, 2023, Grupo liquidated $10.12 million in Security International Investments Inc. shares and made a capital contribution to STP. (NYSCEF 591, Grupo Resp. to Inf. Subp. at 21-22, Q. 16 [d].) Grupo failed to disclose these bank accounts or transfers in its discovery responses. (NYSCEF 591, Grupo Resp. to Inf. Subp. at 15-16, Q. 14 [b], 15.) Grupo does not deny that it took these actions to evade the Judgment. Rather, Grupo explains that "there was no restriction" preventing it from doing so. (NYSCEF 680, Grupo MOL at 18/20.[2]) Such "suspicious" transactions are enough to establish a risk of fraud and satisfy the third factor. (*Matter of 4042 E. Tremont Café Corp. v Sodono*, 177 AD3d 456, 459 [1st Dept 2019].) Appointment of a receiver is necessary to satisfy the Judgment. (*See Pala Assets Holdings, Ltd.*, 2021 WL 3725604, *3.)

Finally, the court rejects Grupo's attack on the language of the order appointing the receiver. Grupo misstates the purpose of the appointment of the receiver, which is needed to monetize Grupo's nonliquid interests, not run a Mexican company. For example, as raised during argument, the receiver could use the shares as collateral for a loan. Whatever the receiver's course of action, the receiver must have the powers necessary to accomplish the job—to satisfy the Judgment. The court has directed

---

[2] NYSCEF pagination.

**650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.**
**Motion No.  009**

**Page 6 of 7**

AT&T to have the proposed receiver review the proposed order and the court will

consider Grupo's objections, if any, to any changes that Seiden suggests.

Accordingly, it is

ORDERED that the motion is granted.

2024062693513AMASLEYD19C95DA0B434F0DB6F4DF44FBA45B56

| 6/26/2024 | | ANDREA MASLEY, J.S.C. |
| DATE | | |

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

 ☒ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

**650330/2020   AT&T MOBILITY HOLDINGS B.V. vs. GRUPO SALINAS TELECOM, S.A.**          **Page 7 of 7**
**Motion No.  009**

7 of 7

[* 7]